IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DISNEY ENTERPRISES, INC.
a Delaware Corporation, *et al.*,         :

        Plaintiffs         :         Civil Action 2:05-cv-742

v.         :         Judge Marbley

KRYSTAL HAMMOND,         :         Magistrate Judge Abel

        Defendant
                 :

**ORDER**

Plaintiffs Disney Enterprises, Inc. and Columbia Pictures Industries, Inc. bring this action alleging that defendant Krystal Hammond illegally copied and distributed copyrighted motion pictures in violation of plaintiffs' exclusive rights as established by the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. This matter is before the Court on Magistrate Judge Abel's November 9, 2005 Report and Recommendation that recommended plaintiffs' motion for default judgment be granted and that plaintiffs' be awarded $6,000 in statutory damages, $2,433 in attorneys' fees and costs, and that defendant Krystal Hammond be enjoined from future acts of infringement against plaintiffs (doc.13). No objections were filed to the Report and Recommendation.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and grants plaintiffs' September 23, 2005 request to enter default (doc. 8) and plaintiffs' October 6, 2005 application for entry of default judgment by the Court (doc. 9). Plaintiffs maintain that defendant Krystal Hammond violated

their exclusive rights protected by the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, when Hammond uploaded the films *National Treasure*, *The Incredibles*, and *The Forgetten* onto the Internet using a "peer-to-peer" ("P2P") network.  Plaintiffs' allege that Hammond's infringement was willful because two of these films were uploaded while in theaters and/or prior to their DVD home release dates.

This action was filed on August 4, 2005.  Defendant Krystal Hammond was served with a copy of the summons and complaint on that same day (doc. 5).  Hammond has not answered or otherwise appeared in this litigation.  In their motion for default judgment, plaintiffs seek $6,000 in statutory damages, $2,433 in attorneys' fees and costs, and an injunction enjoining Hammond from further acts of infringement in violation of plaintiffs' rights.  In the Magistrate Judge's Report and Recommendation, he recommends granting the relief sought by the plaintiffs.  For the following reasons, this Court AFFIRMS and ADOPTS the November 9, 2005 Report and Recommendation (doc. 13).

Plaintiffs' seek $6,000 in statutory damages.  The Copyright Act of 1976 authorizes an award of statutory damages to a copyright owner when his or her rights have been infringed:

> Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that

2

> his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

17 U.S.C. § 504(c).  The Magistrate Judge determined that $6,000 in statutory damages was reasonable under these circumstances--not only is it difficult if not impossible to determine plaintiffs' actual damages but plaintiffs had to hire MediaSentry to help investigate and identify infringers.  Further, because of technological limitations, the full extent of infringement is difficult to uncover.

Plaintiffs also seek and injunction in this case to prevent Hammond from further violating their exclusive rights.  The Copyright Act authorizes a court to issue an injunction to stop infringing conduct:

> **§ 502. Remedies for infringement: Injunctions**
> (a) Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502.

Plaintiffs ask this Court to award them a permanent injunction because they have and may continue to suffer irreparable harm by Hammond's infringing conduct.  Further, it is difficult to determine the amount of actual damages plaintiffs have suffered–leaving plaintiffs without an adequate remedy at law.

Defendant Krystal Hammond is **ENJOINED** from directly or indirectly infringing plaintiffs' rights under federal and/or state law for the motion pictures *The Forgotten*, *The Incredibles*, and *National Treasure* and in any other motion picture, whether in existence or later created, that is owned or created by plaintiffs.  This includes, but is not limited to,

enjoining Hammond from using the Internet or any online media distribution system to reproduce or download any of plaintiffs' motion pictures, to distribute or upload any of plaintiffs' motion pictures, or to make any of plaintiffs' motion pictures available for distribution to the public except pursuant to a lawful license or with the express authority of plaintiffs. Hammond is ordered destroy all copies of plaintiffs' motion pictures that Hammond has downloaded onto any computer hard drive or server without plaintiffs' authorization. Hammond is further ordered to destroy any and all copies of these downloaded recordings that have been transferred onto any physical medium or device in Hammond's custody, control, or possession.

Plaintiffs also seek $2,433.00 in attorneys' fees and costs in bringing this action. The Copyright Act of 1976 authorizes the recovery of attorneys' fees and costs:

> **§ 505. Remedies for infringement: Costs and attorney's fees**
> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

The prevailing party in a copyright infringement action is not automatically entitled to an award of attorney's fees. Rather, it is in the court's discretion to award attorney's fees to the prevailing party. *Cross Keys Pub. Co., Inc. v. Wee, Inc.*, 921 F.Supp. 479, 482 (W.D.Mich.1995) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). One factor a court will consider in determining whether an award is appropriate is whether the infringer acted willfully; the more culpable the offender's conduct, the more likely the court will order an award of attorney's fees. *Dean v. Burrows*, 732 F.Supp. 816, 826 (E.D.Tenn.1989). Moreover,

4

courts have awarded attorney's fees when default judgment is entered. *See Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 1074 (C.D. Cal. 2004).

The Magistrate Judge determined that Hammond's conduct was willful, which supports an award of attorneys' fees and costs. Hammond has not contested this conclusion. Plaintiffs have also submitted an itemized billing statement to support their claims for $2,433 in attorneys' fees and costs.

Accordingly, the Magistrate Judge's November 9, 2005 Report and Recommendation is **AFFIRMED** and **ADOPTED**. Defendant Krystal Hammond is **ORDERED** to pay plaintiffs $6,000 in statutory damages and $2,433 in attorneys's fees and costs. Hammond is **FURTHERED ORDERED** to comply with the terms of the injunction stated in this Order. The Clerk of Court is **DIRECTED** to enter **JUDGMENT**. This case is **DISMISSED**.

    s/Algenon L. Marbley
    Algenon L. Marbley, Judge
    United States District Court